# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-20331
CONSOLIDATED WITH
No. 23-20339

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

DONALD LLOYD DAVIS, JR.,

*Plaintiff—Appellant*,

*versus*

GLEN L. WISE; JAMES D. GEDDES; PAUL K. REILLEY; CO NGUYEN; DR. EDGAR HALUPIS; GREGORIO P. PANINGBATAN; SHARLA MADL; APRIL M. PERSINGER; KAREN T. FAUST; MARILYN PANINGBATAN; SALLY MATTHEW; PHILIP L. FARLEY; ISRAELDIVINE KUYINU; RONA L. BAQUERO; GABRIEL E. CALLES; ROBERT H. FRIDMAN; MONICA POWELL; DEBORAH STEDMAN,

*Defendants—Appellees*.

———————————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1729

———————————————————

Before DAVIS, WILLETT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20331
c/w No. 23-20339

Donald Lloyd Davis, Jr., Texas prisoner # 01762796, filed an amended 42 U.S.C. § 1983 civil rights complaint naming 18 medical providers, setting forth allegations against each provider. After the parties filed motions for summary judgment, the district court granted the defendants' motion, denied Davis's motions, and dismissed the action with prejudice. Davis timely appealed.

First, Davis argues the medical providers were not entitled to Eleventh Amendment immunity. Davis's claims for damages against the medical providers in their official capacities was a suit against the University of Texas Medical Branch, an agency of the state of Texas. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The district court did not err in finding that these claims were barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71; *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002).

Davis further asserts that the medical providers denied medical care, delayed care, and were deliberately indifferent to his need for care for his foot injury. According to Davis, the delay in treatment caused him to suffer a loss of function in his right foot and big toe. In addition, Davis argues the medical providers were involved in a cover-up scheme to protect the officer who stepped on his foot.

This court reviews de novo the district court's summary judgment ruling. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Sanchez v. Oliver*, 995 F.3d 461, 466 (5th Cir. 2021). This court "review[s] evidence in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be

No. 23-20331
c/w No. 23-20339

relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Davis's medical records establish that he received consistent medical treatment from the date of his foot injury and through the time the fracture was completely healed. Given that Davis received continuous medical treatment for his injured foot, the district court did not err in finding the medical providers were not deliberately indifferent to his serious medical needs. *See Sanchez*, 995 F.3d at 473. Further, Davis's disagreement with the medical treatment he received did not establish that the medical providers acted with deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Because Davis did not show the medical providers were deliberately indifferent to his serious medical needs, he did not defeat their entitlement to qualified immunity. *See Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc).

The record supports the district court's finding that any delays in medical treatment were caused in part by the need to transfer Davis for crisis management numerous times. Davis did not present any evidence showing the providers deliberately delayed his access to medical care or that he suffered substantial harm due to the alleged delay in medical care. Although Davis suffered some loss of bone density, the medical records reflect this was caused by disuse and lack of weight bearing, and not the alleged delay in medical treatment. Therefore, the district court did not err in finding that any delay in medical treatment did not cause Davis to suffer substantial harm. *See Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018); *see also Hyatt*, 843 F.3d at 176.

Although Davis repeats his allegation that the medical providers conspired to cover up the officer's actions to prevent a civil rights claim, he did not allege specific facts of an agreement by the providers to deny proper

medical care or present any evidence in the district court to support his allegations. The district court did not err in concluding Davis's speculative and conclusory allegations did not support a claim for conspiracy. *See Carnaby*, 636 F.3d at 187.

For the first time on appeal, Davis asserts that the delay in treatment caused his bone to heal incorrectly and that in March 2023, a medical provider advised him that he will need surgery to correct the problem. He also contends that from May to August 2023, the medical providers have refused to provide treatment or send him to see an orthopedic doctor in retaliation for his filing this action. We will not consider new claims or new evidence presented for the first time on appeal. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 372 (5th Cir. 2003); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The district court's judgment is AFFIRMED. Davis's motions for appointment of counsel, summary judgment, and permission to view sealed documents are DENIED.